L. CHARLES WRIGHT, Retired Appellate Judge.
This is a workmen’s compensation ease.
The parties stipulated that Floyd Fagan sustained a work-related injury in November 1988, that all medical expenses had been paid, that Fagan’s average weekly wage at the time of the accident was $1,288.80, and that the maximum rate of compensation at the time of the accident was $344.00 per week.
The primary issue at trial was whether Fagan received adequate temporary partial disability benefits. Following oral proceedings, the trial court determined that Fagan was entitled to an additional $10,016.45 in temporary partial disability benefits. Dun-lop appeals and asserts that the trial court’s award was in error.
In a workmen’s compensation case, this court’s review is limited to a determination of whether there is any legal evidence to support the trial court’s conclusions. If a reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). The burden of proof in a workmen’s compensation case is on the plaintiff. Owsley v. Winston Furniture Co., 596 So.2d 12 (Ala.Civ.App.1992).
The record reflects that due to the November 1988 accident, Fagan suffered injuries to his wrists, elbows and knees. After being treated by several doctors, he returned to work in July 1989. He continued to have accident-related health problems. In December 1990 he had carpal tunnel surgery performed on his left wrist. He returned to light-duty work on February 5, 1991. He remained on light-duty work until he had surgery on his left elbow in July 1991. He was returned to light-duty work on August 14, 1991. On April 22, 1992, Fagan’s restrictions were lifted and he resumed his regular duties.
The periods for which Fagan is claiming temporary partial disability are from February 1991 to December 1991 and January 1992 to April 1992, the periods of time that he was on light duty.
It is undisputed that Dunlop’s policy regarding payment for temporary partial disability was premised on § 25 — 5—57(a)(2), Code 1975, which provides: “the compensation shall be 66 2/3 percent of the difference between the average weekly earnings of the worker at the time of the injury and the average weekly earnings he/she is able to earn in his/her partially disabled condition....”
Fagan testified that he was paid $6,298.44 in temporary partial disability benefits for the periods in question. Two checks depicting this sum were admitted into evidence. Dunlop disputed Fagan’s figure and presented evidence that it had paid $7,283.61 in temporary partial disability benefits. Dun-lop received this figure from its insurance company. Dunlop did not have any supporting documentation.
*147 Dunlop asserts that Fagan was paid in full for his temporary partial disability benefits. Fagan contends that he was owed an additional $10,059.57.
Fagan presented a document, which was admitted into evidence, calculating two-thirds difference between the amount he earned while on light duty and the amount he earned at the time of the injury. Under his calculations, the amount owed equaled $16,358. Fa-gan deducted the amount already paid by Dunlop and arrived at an adjusted amount owed of $10,059.57. Dunlop did not present any evidence to dispute Fagan’s calculations.
The trial court entered an order awarding Fagan $10,016.45 in temporary partial disability benefits. The trial court adjusted Fa-gan’s calculation by deducting a percentage of bonuses paid to Fagan.
In its brief Dunlop asserts that the trial court erred in determining that Fagan was entitled to temporary partial disability benefits. Dunlop, however, fails to give this court any factual or legal support for its assertion. It appears from its brief that Dunlop is more concerned with the amount of benefits that the trial court awarded. That concern is unfounded because we find that a reasonable view of the evidence supports the findings and the subsequent award made by the trial court.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.