RICHARD L. HOLMES, Retired Appellate Judge.
John Shaw (employee) filed a complaint, seeking workers’ compensation benefits for an injury that he sustained on March 3,1993, in the course of his employment with Cannon Sline, Inc. (employer).
After a hearing the trial court found in favor of the employer, based upon the determination that the employee did not suffer either a permanent injury or a loss of earning capacity as a result of the March 3, 1993, accident.
The employee filed a post-judgment motion, which was denied. The employee appeals.
We would note that the standard of review in this case is governed by Whitsett v. BAMSI, Inc., 652 So.2d 287 (Ala.Civ.App.1994). This court will not reverse the judgment of the trial court in a workers’ compensation case if the trial court’s findings in the case are supported by substantial evidence. Ala. Code 1975, § 25-5-81(e)(2).
On appeal, the employee contends that the trial court’s findings, that he was not permanently and totally disabled as a result of the March 3,199'3, accident, are manifestly contrary to the evidence as a whole.
“Permanent total disability” is defined in Ala.Code 1975, § 25-5-57(a)(4)d, as follows: “any physical injury ... resulting from an accident, which ... permanently and totally incapacitates the employee from working at and being retrained for gainful employment.”
The employee contends that the evidence presented at trial clearly demonstrates that he incurred a permanent total disability as a result of the March 3,1993, accident because, *194 he says, the uneontroverted evidence presented at trial established that he could not return to heavy-duty work and that he has no skills or expertise in other kinds of sedentary or light-duty work.
Our review of the record reveals the following: The employee, who worked as a journeyman painter with the employer, sustained a back injury on March 3, 1993, while moving a power washer up two flights of stairs. In April 1993 the employee reinjured his lower back while using a sandblasting hose. The employee has not worked since April 1993.
. The employee testified that since his injury, he suffers severe lower back and leg pain. He stated that his legs “give way” on occasion and that he cannot bend, stoop, lift, or do even the simplest yard work.
Numerous doctors have treated the employee since his injury, and he has undergone several diagnostic tests. The employee has been diagnosed as- suffering from chronic lumbosacral strain as a result of the accident. Dr. John MeAndrew evaluated the employee in October 1994.
Dr. MeAndrew, who testified at the hearing by way of deposition, concurred with the diagnosis of chronic lumbosacral strain. He testified that the employee had reached maximum medical improvement, and he assigned a three percent impairment to the body as a whole, based upon the employee’s complaints of pain over a period of one and one-half years.
Dr. MeAndrew further testified that he recommended that the employee undergo a physical capabilities evaluation to determine what the employee’s physical limitations, abilities, and inabilities were. Dr. MeAn-drew stated that he would want to see the physical capabilities evaluation before rendering an opinion as to whether the employee could return to his job.
HealthSouth Rehabilitation Center conducted a work capacities assessment in December 1994. The report of this evaluation indicated that “[the employee’s] physical capacities do not meet the requirements to perform the job of a journeyman painter.” However, the report of the evaluation also states, “This evaluation is not a valid indicator of current capabilities due to inconsistencies, self-limiting behavior, and the refusal to perform tasks.”
Dr. Roger Setzler, who testified at the hearing by way of deposition, stated that he diagnosed the employee as suffering from chrome lumbar strain and that, in his opinion, no disability resulted from the injury. He further testified that he placed no restrictions on the employee’s activities and that, in his opinion, the employee could return to his job as a journeyman painter.
Put another way, there was no evidence of permanent total disability. Additionally, there was no evidence of the employee’s loss of ability to earn.
In a workers’ compensation case, the burden is on the employee to reasonably satisfy the trial court that he is entitled to recover benefits. Dunlop Tire Corp. v. Fagan, 646 So.2d 145 (Ala.Civ.App.1994). In the present case the employee failed to meet this burden.
In light of the above, the trial court’s findings were supported by substantial evidence. The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.